IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DeMARIA TRAVAR WOODS SR. | § | |
| v. | § | CIVIL ACTION NO. 5:15cv136 |
| BRAD LIVINGSTON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff DeMaria Woods, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Plaintiff states in December of 2004, he received a case in juvenile court for delinquent conduct constituting the felony offense of indecency with a child. In July of 2006, the juvenile court issued an order exempting him from registration as a sex offender. Plaintiff contends this order protects him from having the charge held against him in any way which would be damaging, but prison officials have placed a visitation restriction preventing him from having contact visits with his son.

Plaintiff maintains he was never told by prison officials he would have any kind of restrictions based on the juvenile charge until after the restrictions were in place. He states the charge is considered a "disposition" rather than a conviction and should not count on his adult criminal record. Plaintiff also asserts other sex offenders are allowed contact visits with their children but he is not, and the disposition occurred over five years ago and thus should not be

1

considered. When he filed a grievance, he was told the visitation policy concerned current or prior crimes involving sexual offenses against children or offenses causing bodily injury to a child, during which the child victim was under 17, and the policy was correctly applied to him.

## II. The Motion to Dismiss and the Response

The Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) arguing Plaintiff's classification status does not impose atypical or significant hardships on him in relation to the ordinary incidents of prison life because there is no constitutional right to visitation. They also invoke sovereign and qualified immunity and maintain Plaintiff has not shown personal involvement on the part of any of the Defendants.[1]

In his response, Plaintiff again points to the order of exemption from registration issued by the juvenile court, arguing this means state agencies cannot use the disposition against him. He invokes the Equal Protection Clause and maintains the refusal to allow contact visits with his son is a constitutional violation on its face.

## III. The Magistrate Judge's Report

The Magistrate Judge issued a Report recommending the Defendants' motion to dismiss be granted. The Magistrate Judge cited two Fifth Circuit cases upholding the administrative directive allowing Texas prison officials to deny contact visits with minor children to inmates convicted of sexual offenses involving children and determined the fact Plaintiff is exempt from registration as a sex offender has no bearing on TDCJ's visitation policies. The Magistrate Judge further noted sex offenders are not a suspect classification, and the administrative directive in question has been upheld against an equal protection challenge. Although Plaintiff argued other inmates convicted of

---

[1] Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendants' challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of a case. Neitzke v. Williams, 490 U.S. 319, 329-30, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

sex offenses are permitted contact visits, he did not show these other inmates were convicted of crimes involving children under the age of 17.

**IV. Plaintiff's Objections to the Report**

Plaintiff filed a document which he styled as a "motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e)." Because no judgment has been entered, but only a Report and Recommendation by the Magistrate Judge, this motion has been construed as objections to the Report.

In his objections, Plaintiff states his right to equal protection has been continuously harmed because as applied to him, the visitation restriction is not rationally related to a legitimate penological interest. He argues the TDCJ visitation rules, as revised in 2015, permit children to see sex offenders, normally a parent, in a controlled group environment supervised by a Sex Offender Treatment Program psychologist, when the SOTP clinical director gives approval. According to Plaintiff, this rule proves a "suspect class" exists, and he should have equal treatment and be allowed contact visits with his son.

Plaintiff also contends he is in prison on unrelated charges, his juvenile case was a disposition and not a conviction and thus does not fall under the administrative directive, his equal protection rights were violated, and he has shown the deprivation of a liberty interest and should be entitled to relief.

**IV. Discussion**

The Equal Protection Clause requires that all persons similarly situated should be treated alike. City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Thus, to demonstrate a violation of his equal protection rights, the plaintiff must show purposeful discrimination resulting in a discriminatory effect among persons similarly situated. Muhammed v. Lynaugh, 966 F.2d 901, 903 (5th Cir. 1992).

Where a plaintiff is not a member of a protected or suspect class, he must allege the regulation impinging on his rights is not rationally related to a legitimate state interest. Sex

3

offenders are not a protected or suspect class.  Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998) (because sex offenders are not a protected class, a prison regulation allegedly impinging on a sex offender's constitutional rights is only subject to a rational basis review).

The Magistrate Judge correctly determined Fifth Circuit precedent has held sex offenders are not a protected class, and the administrative directive at issue is rationally related to a legitimate penological interest.  Plaintiff's arguments to the contrary thus lack merit.

Although Plaintiff refers to sex offender parents having visits with their children in a controlled environment under the supervision of a psychologist, with the approval of the clinical director, he fails to show how this is relevant to his situation.  Plaintiff does not allege these other parents are permitted contact visits with their children, nor does he indicate the visits he wishes to have would take place under such controlled circumstances or that he has received approval for visits from a clinical director of the Sex Offender Treatment Program.

In any event, while Plaintiff complains about unnamed other sex offenders allegedly having contact visits with their children, the Magistrate Judge correctly concluded Plaintiff does not contend, much less show, these other sex offenders had convictions for offenses involving children under the age of 17 and thus were similarly situated to him.  Because Plaintiff has not shown purposeful discrimination resulting in a discriminatory effect among persons similarly situated, he has failed to establish an equal protection violation.

The Magistrate Judge also properly determined Plaintiff's exemption from registration as a sex offender has no bearing on TDCJ visitation policies.  Likewise, the fact the adjudication of Plaintiff's delinquent conduct constituting the felony offense of indecency with a child is referred to as a "disposition" rather than a "conviction" does not prevent the application of the administrative directive to him.  He does not have a constitutional right to visitation privileges.  Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999).  Plaintiff's objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 24) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Defendants' motion to dismiss (docket no. 20) is **GRANTED** and the above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 20th day of July, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE